Matthias, J.
The primary question raised by this appeal is whether a sales tax assessment certificate of the Department of Taxation, finding sales taxes due from a seller of a business, constitutes prima facie evidence of the amount due, in an action to recover such taxes from a purchaser of the business, who has become personally liable for the taxes accrued as to the seller, because of such purchaser’s failure to comply with the statutory requirements as to sales taxes in the sale of an entire business,
*581 Personal liability for sales taxes accrued during the ownership by the seller is placed upon the purchaser of an entire business by Section 5546-9b, General Code (Section 5739.14, Revised Code), which reads as follows:
“If any person liable for the taxes levied in this act shall sell his business or stock of merchandise, or quit his business, the taxes and interest or penalty imposed by this act on sales made prior to that time shall become due and payable' immediately and such person shall make a final return within 15 days after the date of selling or quiting business. His successor, if any, shall withhold sufficient of the purchase money to cover the amount, of such taxes and interest or penalties due and unpaid until such time as the former owner shall produce a receipt from the commission[er] showing that the taxes and interest or penalties have been paid or a certificate indicating no taxes are due. If the purchaser of the business or stock of goods fails to withhold purchase money, as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by the former owner.”
This section imposes the duty and places the burden upon a purchaser of a business to exercise due diligence to determine that sales taxes which have accrued under the operation of the seller are either paid or that provision has been made for such payment. If the purchaser fails to comply with this section, either by obtaining a certificate that no taxes are due or by withholding the amount of taxes due, he becomes personally liable for such taxes.
Thus we have a situation where appellants, because of their own lack of diligence, have become personally liable for the sales taxes which accrued under the operation of the previous owners.
Having determined that appellants are personally liable under the statutes, we come now to a consideration of what the state, in an action such as the present one, must prove and of what such proof may consist.
In such an action the state must prove the prior ownership of the business, the sale thereof, the failure to comply with the statutes in relation to the sales taxes, and the amount of the *582 taxes for which the purchaser is liable. In the present case the record is clear as to the proof of the first three elements. To prove the amount due the state introduced into evidence the certificate of assessment and rested.
We must consider now whether such a certificate constitutes prima facie evidence of the amount due as far as the liability of the purchaser is concerned. To determine this we must consider the nature and effect of such assessment. Such assessments arise by virtue of Section 5546-9a, General Code (Section 5739.13, Revised Code), which reads in part as follows:
“The commissioner shall have like power to make an assessment against any vendor who fails to file a return required by Section 5546-126 of the General Code or fails to remit the proper amount of tax due under Section 5546-12o of the General Code. Notice of such assessment shall be made in the manner prescribed above.
“Unless the vendor or consumer, to whom said notice of assessment is directed, shall, within 30 days after service thereof, either personally or by registered mail, file a petition in writing, verified under oath by said vendor, consumer, or his duly authorized agent, having knowledge of the facts, setting forth with definiteness and particularity the items of said assessment objected to, together with the reason for such objections, said assessment shall become and be deemed conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the Treasurer of State. In every ease where a petition for reassessment as above described, shall be filed, the commissioner shall assign a time and place for the hearing of same and shall notify the petitioner thereof by registered mail, but the commissioner shall have the power to continue the same from time to time as may be necessary.
“A penalty of 15 per centum shall be added to the amount of every assessment made under provisions of this section. The commissioner shall have power to adopt and promulgate rules and regulations providing for the remission of penalties added to assessments made under the provisions of this section.
“Where any vendor shall have filed a petition for reassessment as herein provided, the assessment as made by the commissioner together with penalties thereon shall become due and *583 payable within three days after notice of the finding made at the hearing has been served either personally or by registered mail upon the party assessed.
"The vendor or consumer may appeal from an assessment after it is due and payable to the Board of Tax Appeals in the same time, manner and form as that provided in Section 5611 of the General Code of Ohio.
"After the expiration of the period within which the person assessed may appeal to the Board of Tax Appeals in the manner prescribed in Section 5611 of the General Code of Ohio, a certified copy of the entry of the commissioner making the assessment final may be filed in the office of the clerk of courts in the county in which the vendor’s or consumer’s place of business is located or the county in which the party assessed resides.
"The county clerk, immediately upon the filing of such entry, shall enter a judgment for the people of the state of Ohio against the vendor or consumer in the amount shown on the entry. The judgment may be filed by the county clerk in a loose-leaf book entitled ‘ special judgments for state retail sales tax.’
"From the date of the filing of the entry in the county clerk of court’s office, the assessment, which includes taxes and penalty, shall bear the same rate of interest and shall havq the same force and effect as other judgment. Execution shall issue upon such judgment upon request of the commissioner and all laws applicable to sales on execution shall be applicable to sales made under such judgments except as herein otherwise provided.”
Considering the provisions of this section, it is clear that such determination is made by the Department of Taxation after investigation with full provision for a hearing and notice. Such assessment having become final, it is conclusive as to the owner and, upon filing with the clerk of courts, constitutes a judgment against him upon which execution may issue.
It must be remembered that acts of public officials performed in the course of their official duties are presumed to be regular and valid. Thus, such assessment is presumed to be valid, not only as to the original owner but also as to third persons.
*584 A purchaser of a business who fails to comply with the sales tax statutes relating to the sale of an entire business is personally liable for taxes accrued during the operation of the business by the seller. In the case before us such assessment was an official determination of the taxes owed by the sellers.
Thus in such an action against a purchaser, such finding, although not conclusive, is certainly sufficient to constitute prima facie evidence of the amount due in taxes from the purchaser because of his personal liability for taxes accrued during the seller’s ownership.
Such certificate being prima facie evidence of the amount due from the purchaser, it becomes the duty of the purchaser, once the certificate has been introduced into evidence, to rebut such prima facie evidence and to show that it is inaccurate and does not reflect his true liability.
Appellants contend, however, that even if such certificate is prima facie evidence of the amount due, they have been denied due process since they had no notice, were not parties and had no opportunity to be heard in the original proceeding in which this assessment was made.
The state, however, is not basing the liability of appellants on such certificate, it is merely using it as evidence, in an action against them, to establish their statutory liability which arose as a result of their own lack of diligence and failure to comply with the duty imposed upon them by statute. It was their duty to discover whether such taxes were due at the time they purchased the business, and, if they had complied with the statutory requirements which they are presumed to know, they would have been completely aware of the tax situation in regard to the business which they were purchasing. Their liability is due completely to their own lack of diligence.
Thus, appellants became personally liable and rendered themselves subject to the present action. The record is clear that as to this action the requirements as to due process were completely fulfilled in that appellants had complete notice and an adequate opportunity to be heard in the trial court. The fact that they were not heard was due entirely to their own conduct, they having failed to even appear at the hearing. The appel *585 lants were afforded the opportunity to be heard; that they chose to ignore it was their own concern and they can not now complain that they were not afforded due process of law.
Since we have determined that the Court of Appeals was correct in holding that the certificate constituted prima facie evidence of the amount of the taxes due from appellants, and that such procedure did not violate the due process clause of the Constitution, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Hart and Zimmerman, JJ., concur.
Stewart, Bell and Taet, JJ., dissent.